UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DONALD R. LEWIS,<br><br>                    Petitioner,<br><br>v.<br><br>UNKNOWN, et al.,<br><br>                    Respondents. | Case No.: 20cv1042-MMA (MSB)<br><br>**ORDER DENYING PETITIONER'S MOTION FOR APPOINTMENT OF COUNSEL**<br><br>**[ECF NO. 7]** |

      On August 3, 2020, Petitioner, proceeding pro se, filed a motion asking the Court to appoint counsel. (See ECF No. 7; see also ECF No. 6.) Petitioner claims that his case in complex and because of his "limited intellectu[a]l ability and understanding," he will not have meaningful access to the courts without court-appointed counsel. (Id. at 2.)

**I. LEGAL STANDARD**

      The Sixth Amendment right to counsel does not extend to federal habeas corpus actions by state prisoners. Habeas Corpus Res. Ctr. v. U.S. Dep't of Justice, 816 F.3d 1241, 1244 (9th Cir. 2016) (noting that there is no federal constitutional right to appointment of counsel in postconviction collateral attacks on a conviction or sentence in state or federal court). Courts may, however, appoint counsel for financially eligible habeas petitioners seeking relief pursuant to 28 U.S.C. § 2254 when "the interests of

justice so require." See 18 U.S.C. § 3006A(a)(2)(B); Luna v. Kernan, 784 F.3d 640, 642 (9th Cir. 2015) (citing 18 U.S.C. § 3006A(a)(2)(B)); Chaney v. Lewis, 801 F.2d 1191, 1196 (9th Cir. 1986) (citations omitted) ("Indigent state prisoners applying for habeas corpus relief are not entitled to appointed counsel unless the circumstances of a particular case indicate that appointed counsel is necessary to prevent due process violations."). Courts have discretion in determining whether to appoint counsel, unless an evidentiary hearing is necessary. See Terrovona v. Kincheloe, 912 F.2d 1176, 1177 (9th Cir. 1990); Knaubert v. Goldsmith, 791 F.2d 722, 728-30 (9th Cir. 1986) (citation omitted).

Under 28 U.S.C. § 1915(e)(1), courts may exercise their discretion to appoint counsel for indigent civil litigants only in "exceptional circumstances." Agyeman v. Corr. Corp. Am., 390 F.3d 1101, 1103 (9th Cir. 2004) (citation omitted). When assessing whether exceptional circumstances exist, courts must evaluate "the likelihood of the plaintiff's success on the merits" and "the plaintiff's ability to articulate his claims 'in light of the complexity of the legal issues involved.'" Id. (quoting Wilborn v. Escalderon, 789 F.2d 1328, 1331 (9th Cir. 1986)). Both of these factors must be reviewed before deciding whether to appoint counsel, and neither factor is individually dispositive. Wilborn, 789 F.2d at 1331.

## II. DISCUSSION

The Court finds that Petitioner has not established the required exceptional circumstances for appointment of counsel. Despite his claimed limited intellectual ability, the only evidence before the Court regarding his abilities demonstrates that the Petitioner has sufficiently represented himself to date. Petitioner has submitted the Petition for Writ of Habeas Corpus [ECF No. 3] and the instant motion for appointment of counsel. Petitioner's filings indicate that he has a sufficient grasp of his case and the legal issues involved, and that he is able to articulate the grounds for his Petition. See LaMere v. Risley, 827 F.2d 622, 626 (9th Cir. 1987) (affirming district court's denial of request for appointment of counsel, where pleadings demonstrated petitioner had "a good understanding of the issues and the ability to present forcefully and coherently his

contentions."); see also Taa v. Chase Home Fin., No. 5:11–CV–00554 EJD, 2012 WL 507430, at *2 (N.D. Cal. Feb. 15, 2012) (noting a pro se litigant's lack of legal training and poverty do not constitute exceptional circumstances, because many other litigants face similar difficulties when proceeding pro se). The Court also concludes that at this stage in the proceedings, Petitioner has not demonstrated a likelihood of success on the merits. See Agyeman, 390 F.3d at 1103; Wilborn, 789 F.2d at 1331.

Additionally, the interests of justice do not warrant the appointment of counsel in this case. Courts are required to construe a petition filed by a pro se litigant more liberally than a petition drafted by counsel. See Knaubert, 791 F.2d at 729. "The district court must scrutinize the state court record independently to determine whether the state court procedures and findings were sufficient." Id. (citations omitted). The Petition contains claims that the Court will be able to properly resolve by reviewing the state court record independently, and the "additional assistance provided by attorneys, while significant, is not compelling." See id. Accordingly, the Court finds that the appointment of counsel is not warranted.

### III.  CONCLUSION

For the reasons stated above, the Court **DENIES without prejudice** Plaintiff's motion for appointment of counsel. See LaMere, 827 F.2d at 626 (finding that district court did not abuse its discretion in declining to appoint counsel, where the pleadings established that petitioner understood the issues and was able to present his contentions).

**IT IS SO ORDERED**.

Dated: August 7, 2020

_____
Honorable Michael S. Berg
United States Magistrate Judge