1

2

3

4

5

6

7

8                              UNITED STATES DISTRICT COURT

9                            SOUTHERN DISTRICT OF CALIFORNIA

10

11    DONALD R. LEWIS                          Case No.:  20cv1042-MMA (MSB)

12                              Petitioner,

13    v.                                       **ORDER DENYING PETITIONER'S SECOND
                                              MOTION FOR APPOINTMENT OF
14    UNKNOWN, et al.,                          COUNSEL**
                                              **[ECF NO. 10]**
15                            Respondents.

16

17

18         On August 20, 2020, Petitioner, proceeding pro se, filed a motion asking the Court

19    to appoint counsel.  (See ECF No. 10; see also ECF No. 9.)  This motion follows the

20    Court's August 7, 2020 Order Denying Petitioner's Motion for Appointment of Counsel

21    by less than two weeks.  (See ECF No. 8.)  Very similar to Petitioner's prior motion,

22    Petitioner claims that appointment of counsel is justified because "the issues raised in

23    this appeal is complex, and beyond his limited intellectual ability, and understanding."

24    (Id. at 3.)  The motion also states that the inmate who assisted with Petitioner's request

25    for counsel will not be available to assist with opposing a motion to dismiss.  (Id. at 2.)

26                                **I.  LEGAL STANDARD**

27         The Sixth Amendment right to counsel does not extend to federal habeas corpus

28    actions by state prisoners.  Habeas Corpus Res. Ctr. v. U.S. Dep't of Justice, 816 F.3d

1    1241, 1244 (9th Cir. 2016) (noting that there is no federal constitutional right to

2    appointment of counsel in postconviction collateral attacks on a conviction or sentence

3    in state or federal court).  Courts may, however, appoint counsel for financially eligible

4    habeas petitioners seeking relief pursuant to 28 U.S.C. § 2254 when "the interests of

5    justice so require."  See 18 U.S.C. § 3006A(a)(2)(B); Luna v. Kernan, 784 F.3d 640, 642

6    (9th Cir. 2015) (citing 18 U.S.C. § 3006A(a)(2)(B)); Chaney v. Lewis, 801 F.2d 1191, 1196

7    (9th Cir. 1986) (citations omitted) ("Indigent state prisoners applying for habeas corpus

8    relief are not entitled to appointed counsel unless the circumstances of a particular case

9    indicate that appointed counsel is necessary to prevent due process violations.").

10    Courts have discretion in determining whether to appoint counsel, unless an evidentiary

11    hearing is necessary.  See Terrovona v. Kincheloe, 912 F.2d 1176, 1177 (9th Cir. 1990);

12    Knaubert v. Goldsmith, 791 F.2d 722, 728-30 (9th Cir. 1986) (citation omitted).

13         Under 28 U.S.C. § 1915(e)(1), courts may exercise their discretion to appoint

14    counsel for indigent civil litigants only in "exceptional circumstances."  Agyeman v. Corr.

15    Corp. Am., 390 F.3d 1101, 1103 (9th Cir. 2004) (citation omitted).  When assessing

16    whether exceptional circumstances exist, courts must evaluate "the likelihood of the

17    plaintiff's success on the merits" and "the plaintiff's ability to articulate his claims 'in

18    light of the complexity of the legal issues involved.'"  Id. (quoting Wilborn v. Escalderon,

19    789 F.2d 1328, 1331 (9th Cir. 1986)).  Both of these factors must be reviewed before

20    deciding whether to appoint counsel, and neither factor is individually dispositive.

21    Wilborn, 789 F.2d at 1331.

## II.  DISCUSSION

23         The Court finds that Petitioner has not established the required exceptional

24    circumstances for appointment of counsel.  Petitioner has not presented any new

25    information to change the picture since the Court's prior order on this issue.  Despite his

26    claimed limited intellectual ability, the only evidence before the Court regarding his

27    abilities demonstrates that the Petitioner has sufficiently represented himself to date.

28    Petitioner has submitted the Petition for Writ of Habeas Corpus [ECF No. 3] and now

1   two motions for appointment of counsel [ECF Nos. 7, 10].  Petitioner's filings indicate

2   that he has a sufficient grasp of his case and the legal issues involved, and that he is able

3   to articulate the grounds for his Petition.  See LaMere v. Risley, 827 F.2d 622, 626 (9th

4   Cir. 1987) (affirming district court's denial of request for appointment of counsel, where

5   pleadings demonstrated petitioner had "a good understanding of the issues and the

6   ability to present forcefully and coherently his contentions."); see also Taa v. Chase

7   Home Fin., No. 5:11–CV–00554 EJD, 2012 WL 507430, at *2 (N.D. Cal. Feb. 15, 2012)

8   (noting a pro se litigant's lack of legal training and poverty do not constitute exceptional

9   circumstances, because many other litigants face similar difficulties when proceeding

10  pro se).  The Court also concludes that at this stage in the proceedings, Petitioner has

11  not demonstrated a likelihood of success on the merits.  See Agyeman, 390 F.3d at

12  1103; Wilborn, 789 F.2d at 1331.

13          Additionally, the interests of justice do not warrant the appointment of counsel in

14  this case.  Courts are required to construe a petition filed by a pro se litigant more

15  liberally than a petition drafted by counsel.  See Knaubert, 791 F.2d at 729.  "The district

16  court must scrutinize the state court record independently to determine whether the

17  state court procedures and findings were sufficient."  Id. (citations omitted).  The

18  Petition contains claims that the Court will be able to properly resolve by reviewing the

19  state court record independently, and the "additional assistance provided by attorneys,

20  while significant, is not compelling."  See id.  Accordingly, with no changes between

21  Plaintiff's last motion for appointment of counsel and the current motion, the Court

22  again finds that the appointment of counsel is not warranted.

23  ///

24  ///

25  ///

26  ///

27  ///

28  ///

3

### III.  CONCLUSION

For the reasons stated above, the Court **DENIES** Plaintiff's motion for appointment of counsel.  See LaMere, 827 F.2d at 626 (finding that district court did not abuse its discretion in declining to appoint counsel, where the pleadings established that petitioner understood the issues and was able to present his contentions).

**IT IS SO ORDERED**.

Dated:  September 1, 2020

Honorable Michael S. Berg
United States Magistrate Judge

20cv1042-MMA (MSB)