UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DONALD R. LEWIS,<br><br>                    Petitioner,<br><br>v.<br><br>UNKNOWN, et al.,<br><br>                    Respondents. | Case No.: 20cv1042-MMA (MSB)<br><br>**ORDER DENYING REQUEST TO FILE SUPPLEMENTAL PLEADINGS [ECF NO. 20] AND MOTION TO DISMISS [ECF NO. 11] AS MOOT AND REQUIRING RESPONSE TO FIRST AMENDED PETITION** |

Petitioner Donald R. Lewis filed his Petition for Writ of Habeas Corpus on June 25, 2020.  (ECF No. 1.)  Respondent filed a Motion to Dismiss on August 25, 2020.  (ECF No. 11.)  Petitioner filed both an Amended Petition for Writ of Habeas Corpus and an Opposition to Respondent's Motion to Dismiss on November 3, 2020.  (ECF No. 17.)  The Court issued an Order Requiring Respondent to File a Reply on December 10, 2020.  (ECF No. 18.)  On December 11, 2020, Petitioner filed a "Request to File Supplemental Pleadings," specifically requesting to amend his habeas petition.  (ECF No. 20.)

Because Petitioner did not include a second amended petition with his recent request and has not described the amended petition he would seek to file, the Court construes his Request to File Supplemental Pleadings as a motion to file his Amended Petition for Writ of Habeas Corpus, which the Court already filed at ECF No. 17.

Petitioner's request [ECF No. 20] is therefore **DENIED as moot**, and without prejudice to Petitioner refiling and including a proposed second amended habeas petition if he intended to seek further amendment.

To avoid confusion considering Petitioner's Amended Petition, Respondent's Motion to Dismiss [ECF No. 11] is also **DENIED as moot**.

Regarding the Amended Petition, it is hereby **ORDERED**:

1. If Respondent contends the Petition can be decided without the Court's reaching the merits of Petitioner's claims (e.g., because Respondent contends Petitioner has failed to exhaust any state remedies as to any ground for relief alleged in the Petition, or that the Petition is barred by the statute of limitations, or that the Petition is subject to dismissal under Rule 9 of the Rules Governing § 2254 Cases, or that all of the claims are procedurally defaulted, or that Petitioner is not in custody), Respondent must file a motion to dismiss pursuant to Rule 4 of the Rules Governing § 2254 Cases no later than **January 12, 2021**.  The motion to dismiss must not address the merits of Petitioner's claims, but rather must address all grounds upon which Respondent contends dismissal without reaching the merits of Petitioner's claims is warranted.  At the time the motion to dismiss is filed, Respondent must lodge with the Court all records bearing on Respondent's contention in this regard.  A hearing date is not required for the motion to dismiss.

4. If Respondent files a motion to dismiss, Petitioner must file his opposition, if any, to the motion no later than **February 12, 2021**.  At the time the opposition is filed, Petitioner must lodge with the Court any records not lodged by Respondent which Petitioner believes may be relevant to the Court's determination of the motion.

5. Unless the Court orders otherwise, Respondent must not file a reply to Petitioner's opposition to a motion to dismiss.  If the motion is denied, the Court will afford Respondent adequate time to respond to Petitioner's claims on the merits.

6. If Respondent does not contend that the Petition can be decided without the Court reaching the merits of Petitioner's claims, Respondent must file and serve an

answer to the Petition, and a memorandum of points and authorities in support of such answer, pursuant to Rule 5 of the Rules Governing § 2254 Cases no later than **January 12, 2021**.  At the time the answer is filed, Respondent must lodge with the Court all records bearing on the merits of Petitioner's claims.  The lodgments must be accompanied by a notice of lodgment which must be captioned "Notice of Lodgment in 28 U.S.C. § 2254 Habeas Corpus Case — To Be Sent to Clerk's Office."  Respondent must not combine separate pleadings, orders or other items into a combined lodgment entry.  Each item must be numbered separately and sequentially.

7.  Petitioner may file a traverse to matters raised in the answer no later than **February 12, 2021**.  Any traverse by Petitioner (a) must state whether Petitioner admits or denies each allegation of fact contained in the answer; (b) must be limited to facts or arguments responsive to matters raised in the answer; and (c) must not raise new grounds for relief that were not asserted in the Petition.  Grounds for relief withheld until the traverse will not be considered.  No traverse can exceed ten (10) pages in length absent advance leave of Court for good cause shown.

8.  A request by a party for an extension of time within which to file any of the pleadings required by this Order must be made at least seven (7) days in advance of the due date of the pleading, and the Court will grant such a request only upon a showing of good cause.  Any such request must be accompanied by a declaration under penalty of perjury explaining why an extension of time is necessary.

9.  Unless otherwise ordered by the Court, this case will be deemed submitted on the day following the date Petitioner's opposition to a motion to dismiss and/or his traverse is due.

**IT IS SO ORDERED**.

Dated:  December 16, 2020

Honorable Michael S. Berg
United States Magistrate Judge