UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

DONALD R. LEWIS

Petitioner,

v.

KATHLEEN ALLISON, Secretary of the California Department of Corrections and Rehabilitation,

Respondent.

Case No.:  20cv1042-MMA (MSB)

**ORDER DENYING PETITIONER'S THIRD MOTION FOR APPOINTMENT OF COUNSEL WITHOUT PREJUDICE**

**[ECF NO. 34]**

After the Court dismissed his first filing as inadequate, Petitioner, a pro se prisoner, file a Petition for Writ of Habeas Corpus attacking his state court criminal conviction pursuant to 28 U.S.C. § 2254 on June 25, 2020.  (See ECF Nos. 1-3.)

Now pending before the Court is Petitioner's motion asking the Court to appoint counsel, filed on June 16, 2021.  (See ECF No. 34; see also ECF No. 31.)  This motion follows the Court's Orders on August 7 and September 1, 2020, denying Petitioner's prior motions for appointment of counsel.  (See ECF Nos. 8, 13.)  Both prior motions were filed before Respondents filed any responsive document to the petition and before Petitioner raised his mental disability as a basis for equitable tolling in response to Respondents' motions to dismiss.  (See docket.)  Since then, Respondents moved to

dismiss this case on the grounds that certain claims were unexhausted and others, untimely. (ECF No. 11.) Petitioner filed an Amended Petition, removing the unexhausted claims and asserting that any late filing of the remaining instructional error claim should be equitably tolled because of Petitioner's mental disability. (ECF Nos. 17, 24.) He supported his claim of mental disability with the trial testimony of a neuropsychologist and the declarations of two inmates who assisted him in the litigation of his case. (ECF No. 17 at 26-77.)

Very similar to Petitioner's prior motions, Petitioner now claims that appointment of counsel is justified because he "suffers from a mental disability, and is unable to proceed alone." (ECF No. 34 at 1.) However, it is distinguished from the early motions because intervening briefing and exhibits in support of Petitioner's opposition to Respondent's motion to dismiss as untimely provide substantially more context to Petitioner's instant request for counsel. (See, e.g., ECF No. 17.) Additionally, referring to this Court's Report and Recommendation regarding Respondents' Motion to Dismiss, the instant motion argues that the appointment of counsel is warranted due to Petitioner's anticipated transfer, which will prevent the inmate who assisted with Petitioner's habeas petition from assisting Petitioner with a possible future requirement that Petitioner expand the record regarding his claim for equitable tolling. (Id. at 2; see also ECF No. 17 at 77.) As anticipated, it appears Petitioner was transferred from High Desert State Prison to San Quentin State Prison after the instant motion was filed. (See ECF No. 35.)

## I. LEGAL STANDARD

The Sixth Amendment right to counsel does not extend to federal habeas corpus actions by state prisoners. Habeas Corpus Res. Ctr. v. U.S. Dep't of Justice, 816 F.3d 1241, 1244 (9th Cir. 2016) (noting that there is no federal constitutional right to appointment of counsel in postconviction collateral attacks on a conviction or sentence in state or federal court). Courts may, however, appoint counsel for financially eligible habeas petitioners seeking relief pursuant to 28 U.S.C. § 2254 when "the interests of

justice so require." <u>See</u> 18 U.S.C. § 3006A(a)(2)(B); <u>Luna v. Kernan</u>, 784 F.3d 640, 642 (9th Cir. 2015) (citing 18 U.S.C. § 3006A(a)(2)(B)). "Indigent state prisoners applying for habeas corpus relief are not entitled to appointed counsel unless the circumstances of a particular case indicate that appointed counsel is necessary to prevent due process violations." <u>Chaney v. Lewis</u>, 801 F.2d 1191, 1196 (9th Cir. 1986) (citations omitted). Courts have discretion in determining whether to appoint counsel unless an evidentiary hearing is necessary, then counsel must be appointed. <u>See</u> <u>Terrovona v. Kincheloe</u>, 912 F.2d 1176, 1177 (9th Cir. 1990); <u>Knaubert v. Goldsmith</u>, 791 F.2d 722, 728-30 (9th Cir. 1986) (citation omitted). "Where issues involved can be properly resolved on the basis of the state court record, a district court does not abuse its discretion in denying a request for court-appointed counsel." <u>Hoggard v. Purkett</u>, 29 F.3d 469, 471 (9th Cir. 1994) (internal citation omitted).

Under 28 U.S.C. § 1915(e)(1), courts may exercise their discretion to appoint counsel for indigent civil litigants only in "exceptional circumstances." <u>Agyeman v. Corr. Corp. Am.</u>, 390 F.3d 1101, 1103 (9th Cir. 2004) (citation omitted). When assessing whether exceptional circumstances exist, courts must evaluate "the likelihood of the plaintiff's success on the merits" and "the plaintiff's ability to articulate his claims 'in light of the complexity of the legal issues involved.'" <u>Id.</u> (quoting <u>Wilborn v. Escalderon</u>, 789 F.2d 1328, 1331 (9th Cir. 1986)). Both factors must be reviewed before deciding whether to appoint counsel, and neither factor is individually dispositive. <u>Wilborn</u>, 789 F.2d at 1331.

## II. DISCUSSION

The Court finds that Petitioner has not established the required exceptional circumstances for appointment of counsel. Despite his claimed limited intellectual ability, Petitioner has sufficiently represented himself to date. Albeit with the assistance of others, Petitioner has submitted the Petition for Writ of Habeas Corpus [ECF No. 3], a motion for extension of a filing deadline [ECF No. 14], an amended habeas petition [ECF No. 17], two oppositions to Respondents' motions to dismiss [ECF Nos. 17, 24], a

request to amend his habeas petition [ECF No. 20], and now three motions for appointment of counsel [ECF Nos. 7, 10, 34]. Petitioner's filings indicate that he has so far been able to articulate the basis of his Petition and litigate it. See LaMere v. Risley, 827 F.2d 622, 626 (9th Cir. 1987) (affirming district court's denial of request for appointment of counsel, where pleadings demonstrated petitioner had "a good understanding of the issues and the ability to present forcefully and coherently his contentions."); see also Taa v. Chase Home Fin., No. 5:11–CV–00554 EJD, 2012 WL 507430, at *2 (N.D. Cal. Feb. 15, 2012) (noting a pro se litigant's lack of legal training and poverty do not constitute exceptional circumstances, because many other litigants face similar difficulties when proceeding pro se).

Further, while the extent of Petitioner's cognitive impairment is not currently resolved, (see ECF No. 28 at 20-21), the record at this point indicates that appointment of counsel is not necessary to protect Petitioner's due process rights. Courts are required to construe a petition filed by a pro se litigant more liberally than a petition drafted by counsel. See Knaubert, 791 F.2d at 729. "The district court must scrutinize the state court record independently to determine whether the state court procedures and findings were sufficient." Id. (citations omitted). This Court must also render independent legal conclusions. Id. Petitioner's sole habeas claim alleges that the Court gave improper jury instructions, (see ECF No. 17), a claim the Court can evaluate based on the law and the state court record. While Petitioner is correct that the Court has "tentatively implied it may request Parties" to "expand the record," it is uncertain whether such expansion will require an evidentiary hearing or be necessary at all. (ECF No. 34 at 2; ECF No 28 at 19-21.) The need for expansion of the record will incur only if the Court favorably resolves Petitioner's habeas claim on the merits, at which point equitable tolling would become relevant. (See ECF No. 28 at 19-21.) Therefore, Petitioner's need for assistance developing the factual record is speculative at this point.

For the foregoing reasons, the Court again finds that the appointment of counsel is not warranted at this time.

### III.  CONCLUSION

The Court **DENIES** Plaintiff's motion for appointment of counsel **without prejudice**.  The Court would reconsider this ruling if further expansion of the factual record is required or if the need for counsel to protect Petitioner's right to due process later appears from the Court's review of the relevant law and the state court record. See, e.g., Martinez v. Beard, Civil No. 13-CV-1457-BTM (WVG), 2015 WL 2384129, at *6 (S.D. Cal. May 19, 2015) (denying appointment of counsel because the interests of justice did not compel counsel where there was no evidentiary hearing and the court would independently review the record and render a legal conclusion).

**IT IS SO ORDERED**.

Dated:  July 13, 2021

_____
Honorable Michael S. Berg
United States Magistrate Judge

20cv1042-MMA (MSB)